## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

RED CHAMBER CO., a California
corporation; OCEAN BISTRO
CORP, a California corporation;
MPI FISHERIES IMPORTS, INC,
a California corporation;
TEQUESTA BAY FOODS, INC., a
Florida corporation; TAMPA BAY
FISHERIES, INC., a Florida
corporation,

Plaintiff,

vs.

U.S. CUSTOMS & BORDER
PROTECTION;RODNEY S. SCOTT,
IN HIS CAPACITY AS
COMMISSIONER OF THE U.S.
CUSTOMS & BORDER
PROTECTION; UNITED STATES
OF AMERICA,

Defendants.

) CASE NO.: 1:26-cv-03039
)
) COMPLAINT FOR RETURN OF
) UNAUTHORIZED COLLECTED
) DUTIES

1. Plaintiff, Red Chamber Co., is and at all times herein mentioned, a corporation organized and existing under the State of California, having its principal place of business in the County of Los Angeles.

2. Plaintiff, Ocean Bistro Corp., is and at all times herein mentioned, a corporation organized and existing under the State of California, having its principal

1

place of business in the County of Los Angeles.

3.   Plaintiff, MPI Fisheries Inc., is and at all times herein mentioned, a corporation organized and existing under the State of California, having its principal place of business in the County of Los Angeles.

4.   Plaintiff, Tequesta Bay Foods, Inc., is and at all times herein mentioned, a corporation organized and existing under the State of Florida, having its principal place of business in the County of Miami Dade.

5.   Plaintiff, Tampa Bay Foods, Inc., is and at all times herein mentioned, a corporation organized and existing under the State of Florida, having its principal place of business in the County of Hillsborough.

6.   Each of the aforementioned plaintiffs are hereby referred to collectively as "Plaintiffs." Plaintiffs bring the instant complaint together under Federal Rule of Civil Procedure 20(a)(1), as Plaintiffs assert a right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law or fact common to all Plaintiffs will arise in the action.

7.   Plaintiffs are importers as defined under 19 CFR 101.1. Plaintiffs are importers of various goods including, but not limited to seafood products.

8.   On and after February 2025 through February 2026, Plaintiffs were required to pay various duties as imposed under the International Emergency Economic

2

COMPLAINT FOR RETURN OF UNAUTHORIZED
COLLECTED DUTIES

Powers Act as authorized by an executive order issued by the President of the United States of America. Under this single government executive order, each of the Plaintiffs were similarly forced to pay the duties in order to obtain the goods from its exporter.

9. The tariffs that led to the requirement the duties be paid has been deemed unauthorized by the United States Supreme Court *(Learning Resources, Inc. v. Trump, No. 24-1284)*.

10. The tariffs may not be maintained as they were imposed unlawfully.

11. On February 24, 2026, US Customs and Border Protection, as directed by Rodney S. Scott in his official capacity as commissioner of the US Customs and Border Protection, ordered that the US Customs and Border Protection no longer impose or collect any duties on goods as set forth in the International Emergency Economic Powers Act.

12. This Court has subject matter jurisdiction over the action as allowed under 28 U.S.C. 1581 and 28 U.S.C. 2631. This Court pursuant to 28 U.S.C. 1585, has the same powers as the United States District Court and is authorized to issue judgment in this action in favor of Plaintiff.

13. Plaintiffs have paid the duties and therefore, has standing in which to

COMPLAINT FOR RETURN OF UNAUTHORIZED
COLLECTED DUTIES

assert the claim for a refund of the duties improperly collected by the Defendants.

## **FIRST CLAIM**

14. Plaintiffs incorporate Paragraphs 1 through 13 by reference.

15. The United States Supreme Court has determined that the tariffs were not properly imposed as the President of the United States had no authority to invoke such power to impose the tariffs.

16. US Customs and Border Protection no longer collects the duties and therefore, has admitted that the collection of duties previously is unauthorized.

17. The United States of America should be ordered to return to Plaintiffs all duties paid pursuant to the unlawful imposition of the tariffs.

18. To the extent required, US Customs and Border Protection must reliquidate any entries that were associated with the duties.

19. Plaintiff is entitled to recovery of interest on all tariffs paid that were unlawfully collected.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1. For an Order, to the extent necessary, for the US Customs and Border Protection to reliquidate any entries that had been liquidated assessing the unlawful

4

duty.

2.  For an Order requiring US Customs and Border Protection to liquidate all unliquidated entries that are subject to the unlawful tariff.

3.  Order the United States of America to refund to Plaintiffs the duties collected with interest as provided.

4.  For Plaintiff's reasonable attorney's fees and court costs.

5.  For such further relief the Court deems proper and just.

DATED: June 1, 2026                    PRINCE, ATTORNEYS AT LAW, P.C.

MILES L. PRINCE,
Attorney for Plaintiffs

5

COMPLAINT FOR RETURN OF UNAUTHORIZED
COLLECTED DUTIES